UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SALERNO,

      Plaintiff,

vs.                                  Case No. 8:04-cv-1056-T-24 MAP

AUTO OWNERS INSURANCE
COMPANY, ET AL.

      Defendants.
_____/

## **O R D E R**

This cause comes before the Court on Defendants Curtright Truitt and Curtright C. Truitt, P.A.'s Motion to Dismiss Second Amended Complaint. (Doc. No. 43). Plaintiff opposes this motion. (Doc. No. 44).

## **I.  Standard of Review for a Motion to Dismiss**

In deciding a motion to dismiss, the district court is required to view the complaint in the light most favorable to the plaintiff. See Murphy v. Federal Deposit Ins. Corp., 208 F.3d 959, 962 (11th Cir. 2000)(citing Kirby v. Siegelman, 195 F.3d 1285, 1289 (11th Cir. 1999)).  A complaint should not be dismissed for failure to state a claim upon which relief can be granted "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957).  The Federal Rules of Civil Procedure "do not require a claimant to set out in detail the facts upon which he bases his claim." Id. at 47.  All that is required is "a short and plain statement of the claim." Fed. R. Civ. P. 8(a)(2).  The standard on a 12(b)(6) motion is not whether the plaintiff will ultimately prevail in his or her theories, but whether the allegations are sufficient to allow the

plaintiff to conduct discovery in an attempt to prove the allegations. See Jackam v. Hospital Corp. of Am. Mideast, Ltd., 800 F.2d 1577, 1579 (11th Cir. 1986).

**II. Background**

Plaintiff alleges the following in his Second Amended Complaint (Doc. No. 29): On January 5, 2000, Defendant Auto Owners Insurance Company ("Auto Owners") provided liability insurance coverage to Plaintiff regarding the use of the vehicle that Plaintiff was driving on that day. On that day, Plaintiff attempted to make a left turn in front of Dean James Alessandrini, which caused Mr. Alessandrini to lose control of his motorcycle and be thrown onto the road and into the path of another vehicle. As a result, Mr. Alessandrini died, and his survivors made a claim for damages against Plaintiff.

On or around March 20, 2000, Auto Owners hired Defendants Curtright Truitt (a Florida attorney) and Curtright C. Truitt, P.A. ("Truitt P.A.") to settle the Alessandrini claim against Plaintiff. Specifically, Auto Owners directed Mr. Truitt and Truitt, P.A. to pay the bodily injury liability limits to the Alessandrini survivors and obtain a release on behalf of Plaintiff.

On or around November 15, 2001, the Alessandrini survivors offered to settle their claim against Plaintiff for the available policy limits, but Mr. Truitt and Truitt, P.A. failed to accept the offer of settlement, and a lawsuit for damages was filed by the Alessandrini survivors against Plaintiff. As a result of Mr. Truitt and Truitt, P.A.'s negligence in handling the claim, failure to settle the claim within the policy limits, and failure to properly advise Plaintiff, the claim against Plaintiff was not settled and a judgment was entered against Plaintiff in favor of the Alessandrini survivors in the amount of $2.4 million on October 17, 2003.

Thereafter, Plaintiff filed the instant suit, asserting attorney malpractice claims against Mr. Truitt and Truitt, P.A.[1]  In response Mr. Truitt and Truitt, P.A. (collectively referred to as "Defendants"[2]) filed the instant motion to dismiss Plaintiff's Second Amended Complaint.

### III.  Motion to Dismiss

In order to assert an attorney malpractice claim, a plaintiff must allege: "(1) the employment of a lawyer, (2) the lawyer's neglect of a reasonable duty, and (3) that the lawyer's neglect was a legal cause of loss to the client."  Home Furniture Depot, Inc. v. Entevor AB, 753 So. 2d 653, 655 (Fla. 4th DCA 2000)(citation omitted).  Additionally, the plaintiff must be in privity with the attorney or the plaintiff must be an intended third-party beneficiary of the attorney's services.  See Espinosa v. Sparber, Shevin, Shapo, Rosen & Heilbronner, 612 So. 2d 1378, 1380 (Fla. 1993).

Defendants move to dismiss the attorney malpractice claims asserted against them, because they argue that Plaintiff fails to adequately allege facts showing that an attorney-client relationship existed between them and Plaintiff.  The Court rejects this argument, because Plaintiff has alleged that Auto Owners directed Defendants to settle the claim asserted against Plaintiff, and as such, Plaintiff has sufficiently alleged facts showing that he was the intended third-party beneficiary of Defendants' legal services.  Therefore, the Court finds that Plaintiff's allegations of an attorney-client relationship satisfy the pleading requirements of Rule 8(a).

Defendants also argue that another lawyer represented Plaintiff at all material times, and as such, Plaintiff cannot assert an attorney malpractice claim against Defendants.  To support this argument, Defendants attach a letter to their motion from Sentry Claims Service regarding the

---

[1]Plaintiff also asserted a bad faith claim against Auto Owners.

[2]References to Defendants throughout the remainder of this Order refer to Mr. Truitt and Truitt, P.A. only.

Alessandrini claim and representation of Plaintiff by attorney Andrew Russo.  Plaintiff correctly responds that the Court cannot consider this letter on a motion to dismiss, as the Court is confined to the four corners of the complaint.  See American Charities for Reasonable Fundraising Regulation, Inc. v. Pinellas County, 997 F. Supp. 1481, 1482 (M.D. Fla. 1998)(citation omitted).  Therefore, the Court rejects Defendants' argument on this issue, as it should be made in a motion for summary judgment.

**IV.  Conclusion**

Accordingly, it is **ORDERED AND ADJUDGED** that Defendants Curtright Truitt and Curtright C. Truitt, P.A.'s Motion to Dismiss Second Amended Complaint (Doc. No. 43) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 2nd day of November, 2005.

/s/ Susan C. Bucklew
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All Parties and Counsel of Record