UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SALERNO,

      Plaintiff,

vs.                                                  Case No. 8:04-cv-1056-T-24 MAP

AUTO OWNERS INSURANCE
COMPANY, ET AL.

      Defendants.
_____/

## **O R D E R**

This cause comes before the Court on Defendants Curtright Truitt and Curtright C. Truitt, P.A.'s Motion for Reconsideration (Doc. No. 85) and Motion to Extend Time to File Dispositive Motions (Doc. No. 86). Accordingly, the Court will address each motion.

## **I.  Background**

Plaintiff Jeffrey Salerno alleges the following in his Second Amended Complaint (Doc. No. 29): On January 5, 2000, Defendant Auto Owners Insurance Company ("Auto Owners") provided liability insurance coverage to Plaintiff regarding the use of the vehicle that Plaintiff was driving on that day. On that day, Plaintiff attempted to make a left turn in front of Dean James Alessandrini, which caused Mr. Alessandrini to lose control of his motorcycle and be thrown onto the road and into the path of another vehicle. As a result, Mr. Alessandrini died, and his survivors made a claim for damages against Plaintiff.

Auto Owners hired Defendants Curtright Truitt and Curtright C. Truitt, P.A. ("Truitt P.A.") to settle the Alessandrini claim against Plaintiff. Mr. Truitt and Truitt, P.A. failed to settle the claim against Plaintiff, and a judgment was entered against Plaintiff in favor of the Estate in

the amount of $2.4 million on October 17, 2003. Thereafter, Plaintiff and the Personal Representative of the Estate entered into a Stipulation to Delay Execution[1] ("the Stipulation"), wherein the Personal Representative agreed to delay the collection efforts on the judgment in return for Plaintiff filing and prosecuting all available claims against any responsible party for bad faith and/or negligence in the handling of the Estate's claim and then use the proceeds to satisfy the judgment. Under the Stipulation, the Personal Representative retained control over the claims brought pursuant to the Stipulation.

On May 10, 2004, Plaintiff filed suit against Auto Owners, asserting a bad faith claim. In August of 2005, Plaintiff amended his complaint to add attorney malpractice claims against Mr. Truitt and Truitt, P.A. Thereafter, Mr. Truitt and Truitt, P.A. (collectively referred to as "Defendants"[2]) filed a motion for summary judgment, arguing that Plaintiff's claims against them should be dismissed, because the claims were an invalid assignment of malpractice claims under Florida law. The Court denied Defendants' motion, finding that while Stipulation in this case is the equivalent of an assignment of a malpractice claim, dismissal was not the appropriate remedy. (Doc. No. 81). Instead, the Court ordered that Plaintiff must start the prosecution of his malpractice claims over again and have complete control and financial responsibility over the litigation of these claims. (Doc. No. 81).

## II. Motion for Reconsideration

Defendants move this Court to reconsider its summary judgment order. Specifically, they contend that the Court cannot allow Mr. Ward to continue representing Plaintiff regarding

---

[1] Doc. No. 69, Ex. A.

[2] References to Defendants throughout the remainder of this Order refer to Mr. Truitt and Truitt, P.A. only.

his malpractice claims, since he was Plaintiff's attorney for the invalidly assigned legal malpractice claims and Mr. Ward is still bound by the terms of the Stipulation. Thus, Defendants argue that it is impossible for Plaintiff to prosecute his legal malpractice claims independently from the Stipulation. The Court rejects this argument.

Following Weiss v. Leatherberry, 863 So. 2d 368 (Fla.1st DCA 2003), this Court has determined that Plaintiff may prosecute the malpractice claims against Defendants even though Plaintiff is not bound by the Stipulation to do so. Furthermore, this Court stated in its summary judgment order:

[T]his Court finds that in order for Plaintiff to prosecute the malpractice claims at this point, Plaintiff must have complete control and financial responsibility over the litigation of these claims. This means that Plaintiff does not have to have his current attorneys represent him in the prosecution of his malpractice claims, and he is free to obtain new counsel without any input from the Estate, the Estate's attorney, and/or Plaintiff's current attorneys. Additionally, Plaintiff will not be required to update the Estate on the progress of the malpractice claims, nor does the Estate have the authority to approve or disapprove of a settlement or approve of dismissal of the malpractice claims. Instead, Plaintiff has complete control over the continued prosecution of the malpractice claims and whether or not to settle and/or dismiss them. Furthermore, Plaintiff will be financially responsible for the litigation of his malpractice claims, and any recovery on the malpractice claims will belong to him (unless he enters into a contingency fee arrangement with his attorney). Thus, if Plaintiff is successful on his malpractice claims, such will in no way affect or trigger any obligations under the Stipulation.

(Doc. No. 81).

Based on Leatherberry and this Court's clear directive that Plaintiff is not bound by the Stipulation with regards to his malpractice claims, the Court finds that Defendants' argument that it is impossible for Plaintiff to prosecute his legal malpractice claims independently from the Stipulation is without merit. Accordingly, the Court denies Defendants' motion for reconsideration and denies Defendants' alternative request for the Court to certify that this Court is of the opinion that its summary judgment order involves a controlling question of law as to

whether there is a substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of this litigation.

### III. Motion to Extend Time to File Dispositive Motions

Defendants also move to extend the deadline for filing dispositive motions so that they can file a motion regarding whether the statute of limitations has expired for Plaintiff's legal malpractice claims. The Court finds that this is a reasonable request and directs Defendants to file its motion by August 15, 2006. The Court may address the substance of the dispositive motion at the pretrial conference in this case, which is set for August 18, 2006.

### IV. Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1) Defendants Curtright Truitt and Curtright C. Truitt, P.A.'s Motion for Reconsideration (Doc. No. 85) is **DENIED**.

(2) Defendants Curtright Truitt and Curtright C. Truitt, P.A.'s Motion to Extend Time to File Dispositive Motions (Doc. No. 86) is **GRANTED**, and Defendants are directed to file their anticipated dispositive motion by August 15, 2006.

**DONE AND ORDERED** at Tampa, Florida, this 4th day of August, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record