UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SALERNO,

    Plaintiff,

vs.                                                      Case No. 8:04-cv-1056-T-24 MAP

AUTO OWNERS INSURANCE
COMPANY, ET AL.

    Defendants.
_____/

**<u>ORDER</u>**

This cause comes before the Court on two motions: (1) Defendant Curtright Truitt and Curtright C. Truitt, P.A.'s Motion for Summary Judgment (Doc. No. 100), which Plaintiff opposes (Doc. No. 108), and (2) Defendant Auto Owners Insurance Company's Motion to Amend Pleadings to Add Cross-Claim (Doc. No. 105). Accordingly, the Court will address each motion.

**I.  <u>Background</u>**

Plaintiff Jeffrey Salerno alleges the following in his Second Amended Complaint (Doc. No. 29): On January 5, 2000, Defendant Auto Owners Insurance Company ("Auto Owners") provided liability insurance coverage to Plaintiff regarding the use of the vehicle that Plaintiff was driving on that day. On that day, Plaintiff attempted to make a left turn in front of Dean James Alessandrini, which caused Mr. Alessandrini to lose control of his motorcycle and be thrown onto the road and into the path of another vehicle. As a result, Mr. Alessandrini died, and his survivors made a claim for damages against Plaintiff.

Auto Owners hired Defendants Curtright Truitt and Curtright C. Truitt, P.A. (collectively

referred to as "Truitt Defendants") to settle the Alessandrini claim against Plaintiff. The Truitt Defendants failed to settle the claim against Plaintiff, and a judgment was entered against Plaintiff in favor of the Estate in the amount of $2.4 million on October 17, 2003. Thereafter, Plaintiff and the Personal Representative of the Estate entered into a Stipulation to Delay Execution[1] ("the Stipulation"), wherein the Personal Representative agreed to delay the collection efforts on the judgment in return for Plaintiff filing and prosecuting all available claims against any responsible party for bad faith and/or negligence in the handling of the Estate's claim and then use the proceeds to satisfy the judgment.

Plaintiff has filed suit against Auto Owners, asserting a bad faith claim. Additionally, Plaintiff has asserted attorney malpractice claims against the Truitt Defendants.

## II. Motion for Summery Judgment

The Truitt Defendants move for summary judgment on the attorney malpractice claims asserted against them. Specifically, they argue that these claims must be dismissed because Plaintiff is unable to prove that he suffered any damages, which is an element of an attorney malpractice claim.

To support their argument, the Truitt Defendants point to provisions in the Stipulation and argue that based on the provisions, Plaintiff has not suffered any damages as a result of the judgment being entered against him. The Stipulation provides:

> 11.     From the proceeds, if any, of the bad faith claims brought by SALERNO, the attorney's fees and costs of SALERNO'S bad faith attorneys will be paid. The net proceeds, after the payment of those sums, and up to the amount necessary to fully satisfy the PERSONAL REPRESENTATIVE'S judgment, will be paid to the PERSONAL REPRESENTATIVE, and SALERNO hereby assigns to the

---

[1]Doc. No. 100, Ex. A.

>PERSONAL REPRESENTATIVE those net proceeds, and agrees to execute such other instruments as may be required to effect this assignment.
>
>12.   So long as SALERNO honors the obligations expressed in this stipulation, the PERSONAL REPRESENTATIVE agrees not to pursue any collection efforts directly against SALERNO for a period of four (4) years or until the bad faith claims are concluded, whichever is longer. . . .
>
>13.   If the bad faith and negligence lawsuits contemplated herein are successful in achieving proceeds through a trial or through a settlement if approved by the PERSONAL REPRESENTATIVE, then, in exchange for the net proceeds of the claims assigned to the PERSONAL REPRESENTATIVE, the PERSONAL REPRESENTATIVE will execute and deliver a satisfaction of the judgment she holds against SALERNO, and will deliver a complete release of SALERNO.
>
>14.   If the PERSONAL REPRESENTATIVE requests it, SALERNO shall assign those claims that may be assigned, in exchange for a covenant not to ever execute against SALERNO.

Plaintiff responds that the Truitt Defendants misconstrue the Stipulation, since they argue that the Stipulation provides that the Personal Representative will never execute the judgment against Salerno. Specifically, Plaintiff correctly points out that the Stipulation merely *delays* execution unless Plaintiff assigns his bad faith claim to the Personal Representative, and there is no evidence that he has done this.

Furthermore, Plaintiff points out the Truitt Defendants assume that certain future events will occur, and based on that assumption, they argue that Plaintiff will suffer no damages. Specifically, Plaintiff points out the error in the Truitt Defendants' reliance on paragraph 13 of the Stipulation to show that he has not suffered any damages, since the Personal Representative will only execute and deliver a satisfaction of judgment and deliver a complete release to Plaintiff if the bad faith and negligence lawsuits are successful and Plaintiff gives her the net proceeds of those claims. The Court agrees that it cannot determine at this time whether such will occur, and as such, the Court cannot find that Plaintiff has not been damaged by the Truitt

Defendants' actions.

Accordingly, the Court rejects the Truitt Defendants' argument that Plaintiff cannot prove that he has suffered any damages. As such, the Court denies their motion for summary judgment.

### III. Motion to Amend Pleadings

Auto Owners moves to amend its answer in order to assert a cross-claim against the Truitt Defendants. No opposition to this motion has been filed. Accordingly, the Court grants Auto Owner's motion to amend.

### IV. Conclusion

Accordingly, it is ORDERED AND ADJUDGED that:

(1) Defendant Curtright Truitt and Curtright C. Truitt, P.A.'s Motion for Summary Judgment (Doc. No. 100) is **DENIED**.

(2) Defendant Auto Owners Insurance Company's Motion to Amend Pleadings to Add Cross-Claim (Doc. No. 105) is **GRANTED**. Auto Owners is directed to file its amended answer and cross-claim by September 22, 2006.

(3) This case is set for a pretrial conference on **Friday, December 1, 2006 at 8:30 a.m.** before the Honorable Susan C. Bucklew in Courtroom 14A of the Sam M. Gibbons U.S. Courthouse, located at 801 North Florida Avenue, Tampa, Florida 33602. The parties are directed to file a joint pretrial statement no later than November 28, 2006.

(4) This case is set for a jury trial on the Court's January, 2007 trial calendar.

**DONE AND ORDERED** at Tampa, Florida, this 12th day of September, 2006.

*Susan C. Bucklew*
SUSAN C. BUCKLEW
United States District Judge

Copies to:
All parties and Counsel of Record