UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JEFFREY SALERNO,

        Plaintiff,

vs.                                                           Case No. 8:04-cv-1056-T-24 MAP

AUTO OWNERS INSURANCE
COMPANY, ET AL.

        Defendants.
_____/

## O R D E R

This cause comes before the Court on several motions in limine (Doc. No. 119, 120, 121,

122, 123, 126) and the responses thereto (Doc. No. 131, 132, 133, 134, 135, 136, 137, 138).

Accordingly, the Court will address each motion.

## I.  Background

Plaintiff Jeffrey Salerno alleges the following in his Second Amended Complaint (Doc.

No. 29): On January 5, 2000, Defendant Auto Owners Insurance Company ("Auto Owners")

provided liability insurance coverage to Plaintiff regarding the use of the vehicle that Plaintiff

was driving on that day.  On that day, Plaintiff attempted to make a left turn in front of Dean

James Alessandrini, which caused Mr. Alessandrini to lose control of his motorcycle and be

thrown onto the road and into the path of another vehicle.  As a result, Mr. Alessandrini died,

and his survivors made a claim for damages against Plaintiff.

Auto Owners hired Defendants Curtright Truitt and Curtright C. Truitt, P.A. (collectively

referred to as "the Truitt Defendants") to settle the Alessandrini claim against Plaintiff.  The

claim against Plaintiff was not settled, and a judgment was entered against Plaintiff in favor of

Mr. Alessandrini's Estate in the amount of $2.4 million on October 17, 2003.  As a result,

Plaintiff asserts a bad faith claim against Auto Owners and an attorney malpractice claim against

the Truitt Defendants.  Additionally, Auto Owners asserts a cross-claim against the Truitt

Defendants.  (Doc. No. 110).

## II.  Plaintiff's Motion in Limine Regarding State of Mind (Doc. No. 119)

Plaintiff seeks to exclude the testimony of any witness regarding the state of mind of any

other person involved in the Estate's claim against Plaintiff.  No response in opposition has been

filed.  As such, this motion is granted.

## III.  Auto Owners' Motion in Limine Regarding Plaintiff's Experts (Doc. No. 120)

Auto Owners seeks to limit the number of experts that Plaintiff can call to testify on the

issue of bad faith at trial, arguing that the experts' testimony will be cumulative.  Plaintiff intends

to call two experts--Rutledge Liles and Dennis Larry.

Plaintiff responds that the two experts will be testifying from different perspectives.

Specifically, Plaintiff states that Mr. Liles will be testifying from the perspective of an attorney

hired by insurance companies to represent insureds under a liability policy, and he will testify

regarding the duties an insurance company owes to its insureds and whether or not Auto Owners

met those duties.  Mr. Larry, on the other hand, will testify about the duties an insurance

company owes its insureds based upon his knowledge, skill, experience, and training as a

founding member of an insurance company and a member of the claims committee.

Since it appears that Plaintiff's experts are testifying from different perspectives, the

Court  does not find at this time that their testimony will be cumulative.  As such, the Court

denies Auto Owners' motion on this issue.

**IV.  Auto Owners' Motion in Limine Regarding the Issue of Agency (Doc. No. 121)**

In Auto Owners' motion in limine regarding the issue of agency, it is not entirely clear as to what Auto Owners seeks to preclude.  However, to the extent that Auto Owners is seeking to exclude testimony from experts or others in the form of legal conclusions on the issue of agency, the Court grants the motion.

**V.  The Truitt Defendants' Motion in Limine Regarding Use of Depositions (Doc. No. 122)**

The Truitt Defendants seek to prohibit the use of depositions taken of Defendant Curtright Truitt and Christina Rexroat.  The Truitt Defendants contend that it is unfair to use these depositions, since they were taken before the malpractice claim was asserted, and Curtright Truitt was not represented by counsel when the deposition was taken.  Therefore, the Truitt Defendants argue that the probative value of the depositions will be outweighed by the prejudice to the Truitt Defendants.

Auto Owners responds by pointing out that the Truitt Defendants fail to cite any case law to support their positions that the depositions should be excluded, and the Court is not persuaded by the argument that the Truitt Defendants will be prejudiced.  As such, the Court denies the Truitt Defendants' motion on this issue.

**VI.  The Truitt Defendants' Motion in Limine Regarding Auto Owners' Expert (Doc. No. 123)**

The Truitt Defendants seek to preclude Auto Owners' expert, Joseph Petitta, from testifying regarding any breach of a standard of care by Curtright Truitt.  The Truitt Defendants argue that Mr. Petitta should be required to limit his testimony to claims handling, since he is not an attorney.

Auto Owners responds that during his many years practicing in the insurance industry, Mr. Petitta supervised attorneys that represented insureds.  Auto Owners further responds that while Mr. Petitta is not going to offer testimony on the issue of the standard of care, it is appropriate to allow him to testify regarding what is expected of an attorney who is retained to represent an insured, based upon his supervisory experience in the insurance industry.

Since Auto Owners does not intend to have Mr. Petitta offer testimony on the issue of the standard of care, the Court will grant the Truitt Defendants' motion on this issue.  However, Mr. Petitta may testify regarding what is expected of an attorney who is retained to represent an insured, based upon his supervisory experience in the insurance industry.

## VII.  Auto Owners' Motion in Limine Regarding Secondary Bad Faith (Doc. No. 126)

Auto Owners' seeks to preclude testimony regarding the alleged bad faith of Auto Owners in failing to accept a settlement offer for more than the policy limits after the Estate filed suit against Plaintiff.  Plaintiff does not oppose the motion.

The Truitt Defendants, on the other hand, do oppose the motion, arguing that such testimony is relevant to Auto Owners' claim against the Truitt Defendants; specifically, it is relevant to the issue of whether Auto Owners mitigated its damages.  However, since the Court has denied the Truitt Defendants' motion to amend their answer to assert the affirmative defense of mitigation, mitigation is not an issue.  As such, the Court grants Auto Owners' motion to preclude testimony regarding the alleged bad faith of Auto Owners in failing to accept a settlement offer for more than the policy limits after the Estate filed suit against Plaintiff.

## VIII.  Conclusion

Accordingly, it is **ORDERED AND ADJUDGED** that:

(1)     Plaintiff's First Motion in Limine (Doc. No. 119) is **GRANTED**;

(2)     Defendant Auto Owners' Motion in Limine Regarding Plaintiff's Experts (Doc.

No. 120) is **DENIED**;

(3)     Defendant Auto Owners' Motion in Limine Regarding the Issue of Agency (Doc.

No. 121) is **GRANTED** to the extent set forth in this Order;

(4)     The Truitt Defendants' Motion in Limine Number 1 (Doc. No. 122) is **DENIED**;

(5)     The Truitt Defendants' Motion in Limine Number 2 (Doc. No. 123) is

**GRANTED**; and

(6)     Defendant Auto Owners' Motion in Limine Regarding the Issue of Secondary Bad

Faith (Doc. No. 126) is **GRANTED**.

**DONE AND ORDERED** at Tampa, Florida, this 9th day of January, 2007.


SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record